**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 03-cv-1300-REB-BNB

SUSAN DUVALL, as next friend of YAZMIN NGUYEN and OMAR JAMES NGUYEN GREEN JR., and as personal representative of the Estate of LE THU NGUYEN,

    Plaintiffs,

v.

JEANETTE R. PRICE, individually,

    Defendant.

## ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION

**Blackburn, J**

    This matter is before me on defendant Price's renewed motion to dismiss [#19], filed November 17, 2004.  Having reviewed the defendant's motion and the court's file, I find that this case should be dismissed for lack of jurisdiction.

    In their original Complaint, the plaintiff's asserted claims against certain defendants for violation of the plaintiffs' constitutional rights.  The court had federal question jurisdiction over those claims under 18 U.S.C. § 1331.  The plaintiffs also asserted a wrongful death claim, a state law claim, against defendant Jeanette R. Price.  The court had supplemental jurisdiction over the wrongful death claim under 18 U.S.C. § 1367.  On November 5, 2004, the plaintiffs filed their First Amended Complaint.  The only claim asserted in the First Amended Complaint is a state law claim for wrongful death against defendant Price.

Under 28 U.S.C. § 1332, this court has jurisdiction over state law claims when the amount in controversy exceeds 75,000 dollars, and the suit is between citizens of different states. According to the First Amended Complaint, all of the parties to this lawsuit are residents of the state of Colorado. The court does not have diversity jurisdiction over the claim asserted in the First Amended Complaint.

Under 28 U.S.C. § 1367, a federal court may assert supplemental jurisdiction over claims under state law when those claims are related to claims over which the court has original jurisdiction. The state law claims must be so related to the federal claims that they form part of the same case or controversy under Article III of the Constitution. Under § 1367(c)(3), the court may decline to exercise supplemental jurisdiction when the court has dismissed all claims over which it has original jurisdiction. In general, a district court should refuse to exercise supplemental jurisdiction when all federal claims have been dismissed before trial. ***United States v. Botefuhr***, 309 F.3d 1263, 1273 (10th Cir. 2002) (advisable for district court to retain state claims after dismissing all federal questions only when parties have already expended a great deal of time and energy on state law claims). ***Id***.

The only arguable basis on which I might assert jurisdiction over the plaintiffs' state law claim is a continuation of supplemental jurisdiction after the relevant federal claims have been dismissed. However, there has been no showing that the exceptional circumstances that would justify such an exercise of supplemental jurisdiction are present in this case. Rather, it appears that the parties would suffer little prejudice if the plaintiffs are required to pursue their claims in state court.

**THEREFORE, IT IS ORDERED** as follows:

1) That this case is **DISMISSED** for lack of subject matter jurisdiction; and

2) That defendant Price's renewed motion to dismiss [#19], filed November 17, 2004, and any other pending motions, are **DENIED** as moot.

Dated August 4, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge